Nicholas R. Nowicki
AZ Lic. # 029740
McDonough & Nowicki PLLC
7107 East Thomas Road, Suite 105
Scottsdale, AZ 85251
Telephone: 612-217-0257
Fax: 651-444-5262
Email: nik@mcnowick.com

*Attorney for Plaintiff,*
*Deborah Hemphill,*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah Hemphill,<br><br>Plaintiff,<br><br>vs.<br><br>McCarthy, Burgess & Wolff, Inc.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, DEBORAH HEMPHILL, BY AND THROUGH COUNSEL, Nicholas Nowicki, and for her Complaint against the Defendant, pleads as follows:

## INTRODUCTION

1. This is a lawsuit to recover damages arising from Defendant McCarthy, Burgess, and Wolff, Inc.'s (hereinafter "Defendant") violation of the Fair Debt Collection Practices Act (hereinafter the "FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 28 U.S.C. § 1331.

3. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d).

4. Venue lies in this district pursuant to 28 U.S.C. § 1391b(2) because Defendant attempted to collect an alleged debt in Arizona causing harm in Arizona to an Arizona resident.

5. The transactions and occurrences which give rise to this action occurred in Arizona City, Pinal County, Arizona.

6. Venue is proper in the Phoenix Division.

## PARTIES

7. Plaintiff Deborah Hemphill (hereinafter "Plaintiff") is a natural person residing in the State of Arizona, County of Pinal.

8. Defendant is a corporation organized under the laws of the State of Ohio with its chief executive office in Cleveland, Ohio.

## FACTUAL ALLEGATIONS

9. Plaintiff received a debt collection attempt from Defendant.

10. A true and accurate copy of the debt collection attempt is attached as Exhibit 1.

11. Exhibit 1 is dated March 7, 2016.

12. Exhibit 1 states that Defendant is collecting on behalf of Verizon Wireless (hereinafter "Verizon Wireless").

13. Exhibit 1 states that Defendant is collecting on account number 027123032900001 (hereinafter the "Account").

14. Exhibit 1 states that Defendant is collecting $485.85.

15. Exhibit 1 is addressed to Plaintiff.

16. Plaintiff does not owe the debt alleged in Exhibit 1.

17. Verizon charged Plaintiff after she had already cancelled her plan.

18. Plaintiff brought this to Verizon's attention.

19. Verizon acknowledged that Plaintiff did not owe any money.

20. Verizon issued Plaintiff a zero balance statement for the Account.

21. A true and accurate copy of the zero balance statement for the Account is attached as Exhibit 2.

22. Exhibit 2 states, Verizon "has concluded that you are not responsible for any of the charges."

23. Exhibit 2 states, "we have terminated all of the disputed mobile number(s) and all fraudulent charges have been reversed."

24. Exhibit 2 is dated June 10, 2015.

25. Plaintiff does not owe Verizon any money.

### *Violations of the FDCPA*

26. Defendant violated the general provision 15 U.S.C. § 1692e because Exhibit 1 is a false, deceptive, representation that Plaintiff owes a debt that she does not owe.

27. Defendant violated the specific provision 15 U.S.C. § 1692e(2) because Exhibit 1 falsely represents the character, amount, and legal status of a debt that Plaintiff does not owe.

28. Defendant violated the general provision 15 U.S.C. § 1692f because it was unfair and unconscionable to send Plaintiff Exhibit 1 when Plaintiff did not owe the debt

29. Defendant violated specific provision 15 U.S.C. § 1692f(1) because Exhibit 1 attempted to collect an amount that Plaintiff did not owe.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby demands a trial by jury pursuant to the Seventh Amendment to the Constitution and Federal Rule of Civil Procedure 38(b).

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

32. Defendant is a debt collector under 15 U.S.C. § 1692a(6).

33. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representation in connection with the collection of a debt.

34. Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, and legal status of the debt.

35. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect a debt.

36. Defendant violated 15 U.S.C. § 1692f(2) by attempting to collect an amount that was not expressly authorized by agreement or permitted by law.

37. Plaintiff has suffered emotional distress as the direct and proximate result of Defendant's violations of the FDCPA.

38. Plaintiff is entitled to recover from Defendant actual damages, additional damages as the court may allow, costs, and attorney's fees as provided by the FDCPA, 15 U.S.C. § 1692k(a).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that a judgment and order be entered against Defendant as follows:

- for actual damages for mental distress, as provided by the FDCPA;

- for additional damages as the court may allow, as provided by the FDCPA;
- for reasonable costs and attorney's fees, as provided by the FDCPA; and
- for such other and further relief as my be just and proper.

DATED: April 18, 2016

**McDONOUGH & NOWICKI PLLC**

/s/ Nicholas R. Nowicki

Nicholas R. Nowicki
AZ Lic. # 029740
McDonough & Nowicki PLLC
7107 East Thomas Road, Suite 105
Scottsdale, AZ 85251
Telephone: 612-217-0257
Email: nik@mcnowick.com

*Attorney for Plaintiff,*
*Deborah Hemphill*

[]